## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED SPECIALTY INSURANCE COMPANY | § | CIVIL ACTION NO. |
| COMPANY | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VERSUS | § | |
| | § | |
| SANDHILL PRODUCTION, INC. AND | § | |
| WILSHIRE INSURANCE COMPANY | § | |
| Defendants | | |

## UNITED SPECIALTY INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

**COMES NOW**, United Specialty Insurance Company ("USIC") and files this Complaint for Declaratory Relief and Damages ("Complaint") as follows:

## I.
## PARTIES AND SERVICE

1.      Plaintiff USIC is a foreign insurer approved to issue policies in Louisiana through a surplus lines broker and is incorporated in the state of Delaware with its principal place of business in Texas.

2.      USIC names the following entities as Defendants:

a.      Defendant Sandhill Production, Inc. ("Sandhill") is incorporated in Louisiana with its principal place of business in Shongaloo, Louisiana.  Defendant Sandhill can be served through its registered agent for service, James Duck, 389 Baker Road, Shongaloo, Louisiana 71072.

b.      Defendant Wilshire Insurance Company ("Wilshire") is incorporated in North Carolina with its principal place of business in Raleigh, North Carolina.  Wilshire issued a

policy to Sandhill in Webster Parish, Louisiana and can be served through the Louisiana Secretary of State.

## II.
## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.  Complete diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

5.      Defendants each conduct business within this State and this District regularly and are subject to personal jurisdiction in this Court.

## III.
## FACTS AND BACKGROUND

A. The Litel Suit and the OOC Enforcement

6.      On December 5, 2017, Litel Exploration, LLC ("Litel") filed its Original Petition against Sandhill, along with other defendants, in the matter captioned *Litel Explorations LLC v. Sandhill Production, Inc.*, et al., pending in the 31st Judicial District Court, Parish of Jefferson Davis, State of Louisiana Docket No.: C 823-17 ("Litel Suit").

7.      Litel alleged that the defendants' oil and gas exploration and production related activities harmed Litel's land.

8.      Litel alleged that the defendants' operations resulted in surface and/or subsurface discharge of pollutants.

9.      On or about, August 1, 2018, Litel filed Plaintiff's First Supplemental and Amending Petition for Damages ("Amending Petition").

10.     In the Amending Petition, Litel added additional defendants along with setting forth the lease and operator history, including that Sandhill was an operator of a well on the Litel property starting on March 1, 2015.

11.     On or about November 2, 2018, the Office of Conservation ("OOC") reported that the G.A. Lyon #1 well was leaking.

12.     On or about November 5, 2018, the OOC issued a compliance order against Sandhill seeking Sandhill to repair a leaking oil well on the Litel property, the G.A. Lyon #1 well, and to remove the surface contamination ("OOC Enforcement").

13.     On or about December 7, 2018, Litel filed Plaintiff's Second Supplemental and Amending Petition for Damages adding additional defendants.

14.     On or about February 12, 2019, the OOC again reported that the G.A. Lyon #1 well was leaking.

15.     On or about March 20, 2019, the OOC again reported that the G.A. Lyon #1 well was leaking.

16.     On or about April 25, 2019, the OOC again reported that the G.A. Lyon #1 well was leaking.

17.     On or about May 28, 2019, the OOC again reported that the G.A. Lyon #1 well was leaking.

18.     The OOC and Litel contend that the uncontrolled release of oil and other fluids from the G.A. Lyon #1 well is an ongoing source of contamination.

B.  The Insurance Policies

19.     Wilshire issued a general liability policy CL00197509 to Sandhill from May 22, 2015 to May 22, 2016 ("Wilshire Policy").

20.     USIC issued the following general liability policies to Sandhill:

    a.  Policy No. USA4121956 (effective May 22, 2017 to May 22, 2017);

    b.  Policy No. USA4161588 (effective May 22, 2017 to May 22, 2018);

    c.  Policy No. USA4219756 (effective May 22, 2018 to May 22, 2019); and

    d.  Policy No. USA4268439 (effective May 22, 2019 to May 22, 2020)

(individually, "USIC Policy" and collectively, "USIC Policies").

C.  The Present Action

21.     On or about May 23, 2018, USIC received a notice of loss for the Original Petition in the Litel Suit.

22.     USIC denied coverage to Sandhill for the Original Petition in the Litel Suit on June 14, 2018.

23.     On May 31, 2019, Sandhill notified USIC of the Amending Petition in the Litel Suit and of the OOC Enforcement.

24.     On August 29, 2019, USIC agreed to participate in the defense of Sandhill in the Litel Suit, subject to a reservation of rights from May 31, 2019 forward.

25.     On or about September 19, 2019 Sandhill filed a Third-Party Demand against USIC seeking coverage for the OOC Enforcement.

26.     On October 23, 2019, USIC filed Exceptions, Defenses and Answer to Sandhill's Third-Party Demand denying coverage under the USIC Policies.

27.     On November 11, 2019, Sandhill dismissed USIC without prejudice and reserved to Sandhill the right to file litigation in another jurisdiction in Louisiana.

28.     To date, USIC has not received any notice of another suit filed by Sandhill against USIC despite repeated requests.

29.     Upon information and belief, Wilshire denied Sandhill coverage for the Litel Suit and the OOC Enforcement.

**IV.**

**COUNT I:**
**DECLARATORY RELIEF—NO DUTY TO DEFEND OR INDEMNIFY**
**UNDER USIC POLICIES FOR OOC ENFORCEMENT**
**AND NO DUTY TO DEFEND LITEL SUIT**

30.     USIC incorporates by reference the allegations contained in Paragraphs 1 through 29  of this Complaint as if copied herein *in extenso.*

31.     USIC seeks and is entitled to a declaration that USIC does not owe a duty to defend or indemnify Sandhill in the OOC Enforcement because the terms of the insuring agreement have not been satisfied.

32.     However, even if the insuring agreement were met, several exclusions apply to preclude coverage for all claims in the OOC Enforcement and a duty to defend for the Litel Suit.

33.     USIC seeks and is entitled to a declaration in this case that the Pollution Exclusion in the USIC Policies preclude coverage for all claims against Sandhill in the OOC Enforcement and the Litel Suit.

34.     USIC also seeks and is entitled to a declaration in this case that the Damage to Property exclusion bars coverage for all claims against Sandhill in the OOC Enforcement and the Litel Suit.

35.     USIC also seeks and is entitled to a declaration that in the event there is or was a blowout, USIC has no obligation for any cost or expense to bring the well under control.

36.     There may be other reasons there is no coverage in whole or in part, and USIC pleads all other conditions, terms, limitations, definitions and exclusions of the Policies which may be found to be applicable reserves the right to amend its Complaint.

A.  There is no Coverage for the OOC Enforcement under the Insuring Agreement.

The insuring agreement in the USIC General Liability Policy provides, in relevant part:

> SECTION I – COVERAGES
> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
> 1.  Insuring Agreement
>     a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
>                     ****
>     No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.
>
>     b.  This insurance applies to "bodily injury" and "property damage" only if:
>                     ****
>         (1) The "bodily injury" or "property damage" occurs during the "policy period"; and
>         (2) Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, when any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
>     c.  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under

6

Paragraph 1. Of Section II—Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.  "Bodily injury" or property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1**. Of Section **II – Who Is An Insured** or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage", or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

****

Occurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.  All "bodily injury" or "property damage" arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions.

****

Suit means any civil proceeding to which this insurance applies in which damages are alleged.  "Suit" includes:

a.  An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent: or

b.  Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

37.    The OOC Enforcement does not meet the terms of the Insuring Agreement.

38.    There is no defense obligation regardless as the OOC Enforcement does not qualify

as "Suit".

B.  <u>The Pollution Exclusion Precludes Coverage.</u>

39.     The Pollution Exclusion in the USIC Policies provides in part:

> f.   Pollution
> (1) "Bodily injury" or "property damage" which would not
> have occurred in whole or part but for the actual, alleged
> or threatened discharge, dispersal, seepage, migration,
> release or escape of "pollutants" at any time.
>
> (2) Any loss, cost or expense arising out of any:
> (a) Request, demand, order or statutory or regulatory
> requirement that any insured or others test for,
> monitor, clean up, remove, contain, treat, detoxify or
> neutralize, or in any way respond to, or assess the
> effects of, "pollutants"; or
> (b) Claim or "suit" by or on behalf of a governmental
> authority for damages because of testing for,
> monitoring, cleaning up, removing, containing,
> treating, detoxifying or neutralizing, or in any way
> responding to, or assessing the effects of,
> "pollutants".

40.     The Pollution Exclusion bars coverage for any alleged contamination caused by
Sandhill's oil and gas operations.  USIC has no duty to defend or to indemnify Sandhill based upon
the Pollution Exclusion.

C.  <u>The Damage to Property Exclusion Precludes Coverage</u>

41.     The Damage to Property exclusion in the USIC Policies provide in relevant part:

> This insurance does not apply to:
>                                       ****
> j.  Damage to Property
> "Property damage" to:
>
> (1)   Property you own, rent or occupy, including any costs or
> expenses incurred by you, or any other person, organization or
> entity, for repair, replacement, enhancement, restoration or
> maintenance of such property for any reasons, including prevention
> of injury to person or damage to another's property;
>
> (2) Premises you sell, give away or abandon, if the "property
> damage" arises out of any part of those premises;

****

(5)   That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)   That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

****

42.     Sandhill is alleged to have occupied and controlled the G.A. Lyon #1 well; and, thus, there is no coverage for damage to the G.A. Lyon #1 well.

D.   The Policies Preclude Coverage To Bring Well Under Control.

43.     The USIC Policies contain the following exclusion:

****

This insurance does not apply to:

****

1.      Any costs or expense incurred by you or at your request of any "co-owner of the working interest" in conjunction with controlling or bringing under control any oil, gas or water well.

44.     USIC has no obligation for any cost or expense to bring a well under control.

E.   No Limited Blowout and Cratering Coverage.

45.     There are no allegations of third-party non-pollution damage as a result of any blowout.

46.     To the extent the Limited Blowout and Cratering Coverage endorsement in the USIC Policies apply, which is denied, it is subject to the following condition precedent under the USIC Policies, which each include a condition substantially similar to the following language:

Upon the "occurrence" of a blowout or cratering of any oil, gas or water well resulting from or in connection with operations

performed by you or on your behalf, you agree that you will at your own cost and expense, promptly and diligently take whatever steps are necessary or legally required of you or necessary for you or any other person to bring such well under control.

If you delay or fail to comply with this agreement, we will not pay any damages for any "property damage" to underground resources resulting from the blow-out or cratering of any such well.

**\*\*\*\***

All other terms and conditions of this policy remain unchanged.

47.     In addition, each of the USIC Policies require that the insured provide notice and not voluntary incur any expense without providing notice.

48.     Sandhill has failed to comply with these provisions.

## V.
## COUNT II:
## ALTERNATIVE DECLARATORY RELIEF—WILSHIRE AND/OR SANDHILL MUST PARTICIPATE IN DEFENSE

49.     USIC incorporates by reference the allegations contained in Paragraphs 1 through 48 of this Complaint as if copied herein *in extenso*.

50.     In the alternative and unlikely event that the Court finds that USIC owes any defense to Sandhill, USIC seeks and is entitled to a declaration that Wilshire also owes such obligation to Sandhill.

51.     In the alternative and unlikely event that the Court finds that USIC owes any a defense to Sandhill, USIC seeks and is entitled to a declaration that Sandhill must also participate in the defense for any uncovered years pursuant to Louisiana law.

## VI.
## COUNT III:
## ALTERNATIVE DECLARATORY RELIEF, SUBROGATION, AND CONTRIBUTION

52.     USIC incorporates by reference the allegations contained in Paragraphs 1 through 51 of this Complaint as if copied herein *in extenso*.

10

53.     USIC issued policies from May 22, 2016 to May 22, 2020.  Wilshire issued policies from May 22, 2015 to May 22, 2016.  USIC is not aware of any insurance issued from March 1, 2015 to May 22, 2015.

54.     Although USIC denies that coverage under any USIC Policy is provided, for any USIC Policy in which Sandhill was aware of the claim prior to the inception of that USIC Policy, there is no coverage.

55.     In the unlikely event that the Court finds that USIC owes any obligation, USIC seeks and is entitled to a declaration of its allocated/apportioned responsibility for any obligation among Sandhill, Wilshire and USIC among all of the years at-issue in light of any triggered policies.

56.     In addition to a declaration of its rights and obligations, in the alternative, USIC seeks recovery of any defense costs or other insurance obligations that has been paid or may be paid by USIC in excess of its allocated share, if any, based on a time-on-the risk allocation, contribution, contractual or legal subrogation, equitable subrogation, unjust enrichment, and any and all other legal or equitable theories of relief.

**WHEREFORE, PREMISES CONSIDERED,** United Specialty Insurance Company prays for judgment in its favor against Sandhill and Wilshire and entry of a judgment:

a.     Declaring that USIC has no duty to defend or indemnify Sandhill in the OOC Enforcement under the USIC Policies;

b.     Declaring that USIC has no duty to defend Sandhill in the Litel Suit under the USIC Policies; and

c.     Awarding USIC such other and further relief, both general and special, whether at law or in equity, to which it may be justly entitled.

Alternatively, if USIC is found to have any obligation to Sandhill under the USIC Policies for the OOC Enforcement and/or the Litel Suit, USIC prays for entry of a judgment:

a.      Declaring that Wilshire and Sandhill also owe such obligation to Sandhill for defense;

b.      Awarding USIC reimbursement to the extent it has paid any amount in excess of its defense obligation;  and

c.      Awarding USIC such other and further relief, both general and special, whether at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Céleste D. Elliott*
**Celeste D. Elliott**
La. Bar No. 24068
**Shaundra M. Schudmak**
La. Bar No. 32007
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA  70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
Emails:   celliott@lawla.com
              sschudmak@lawla.com
**Attorneys for Defendant United Specialty Insurance Company**